### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

ANTOINE L. THOMAS, #356784,

      Petitioner,

v.                        CIVIL ACTION NO. 2:06cv67

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

      Respondent.

### UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

### A. Background

Petitioner, Antoine L. Thomas ("Thomas"), was convicted in a bench trial[1] in the Circuit Court for the County of Henrico, Virginia, of petit larceny, third or subsequent offense, on March 25, 2005.  On April 4, 2005, the Court imposed a sentence of five

---

[1]Thomas was represented at trial by Robert P. Geary, Esq. ("Geary").  On April 27, 2005, in response to Thomas's first state habeas petition, see infra, Geary filed a motion to withdraw as counsel.

(5) years with two (2) years and eight (8) months suspended.

On April 6, 2005, Thomas filed a single-page handwritten document labeled "Timely Emergency Action Needed," which the Circuit Court construed as a pro se Motion to Reduce or Suspend Sentence for New Trial, and which the Circuit Court denied on April 7, 2005.  On April 11, 2005, Thomas filed a pro se state habeas petition ("first state habeas petition") alleging ineffective assistance of counsel by both trial and appellate counsel regarding filing of post-trial motions.  The petition also alleged that the trial court judge denied Thomas's motions to remove trial counsel before and during trial.

On April 14, 2005, with the assistance of counsel,[2] Thomas filed his notice of appeal.

On July 14, 2005, the Circuit Court dismissed Thomas's first state habeas petition, finding that Thomas had not established that counsel was constitutionally ineffective and that the claim that the trial court erred in not granting Thomas's motions to remove counsel was not cognizable in habeas and was procedurally defaulted.  Record No. CL05-541.  On July 26, 2005,[3] Thomas filed

_____

[2]Theodore D. Bruns, Esq. ("Bruns"), had been appointed to represent Thomas for this appeal.  On May 11, 2005, in response to Thomas's first state habeas petition, Bruns filed a motion to withdraw as counsel.  On May 24, 2005, the Circuit Court granted the motion and appointed John Parsons, Esq. ("Parsons"), as appellate counsel.

[3]This letter was dated July 26, 2005, was postmarked July 27, 2005, and was stamped received by the Circuit Court on July 28,

2

a letter with the Circuit Court requesting assistance with the appeal of his first state habeas petition.  This letter was annotated in the margin with "call & copy to Mr. Parson"; the record contains no additional correspondence relating to this letter.[4]  Thomas did not file an appeal of his first state habeas petition.

On August 5, 2005, with the assistance of Parsons as counsel, Thomas filed his petition for appeal with the Court of Appeals of Virginia ("Court of Appeals").  This appeal challenged the evidence as insufficient to find Thomas guilty beyond a reasonable doubt and alleged the charging indictment was defective.

On August 24, 2005,[5] Thomas filed a <u>pro se</u> state habeas petition with the Supreme Court of Virginia ("second state habeas petition").  This petition contained ineffective-assistance-of-

---

2005.  The Court notes that a Virginia Supreme Court Special Rule, effective September 1, 2004, recognizes a prison mailbox rule for inmate filings in the Virginia trial courts: a paper is timely filed by an inmate when "deposited in the institution's internal mail system with first-class postage prepaid on or before the last day of filing." Va. Sup. Ct. R. 3A:25.  The Court has applied this rule in considering Thomas's state habeas petition as filed on July 26, 2005.

[4]One of the supporting documents Thomas filed for the instant petition was a letter dated August 10, 2005, from Parsons to Thomas, notifying Thomas that Parsons was not Thomas's attorney for the habeas petition and that Parsons would not file a notice of appeal for the habeas claim.

[5]This petition was signed on August 11, 2005, but stamped as filed by the court on August 24, 2005, and treated as filed on August 24, 2005, by the Supreme Court of Virginia.

counsel grounds relating to trial (Geary) and appellate counsel (Bruns), plus the claim that Thomas was denied counsel for the appeal of the first state habeas petition.  No claims were made regarding Parsons's representation.

On November 16, 2005, the Court of Appeals denied Thomas's appeal, finding that the evidence was sufficient to support the verdict, and that Thomas waived his right to appeal the indictment because he failed to cite authority or principles of law in support of his claim.  Record No. 0910-05-2.  On November 30, 2005, with the assistance of Parsons as counsel, Thomas filed a demand for consideration by a three-judge panel relating to his claim that the evidence was insufficient to support the verdict.  On November 30, 2005, Thomas also filed a <u>pro se</u> document that he requested be attached to his demand for consideration by a three-judge panel ("Thomas's demand").  In this document, Thomas requested that the court also reconsider his claim that the indictment was defective and that the trial court erred in failing to remove trial counsel, even if the result was that he had to proceed on appeal without counsel.  On January 6, 2006, the Court of Appeals Chief Deputy Clerk forwarded a copy of Thomas's demand to Parsons with a letter explaining that all pleadings and documents must be filed by counsel.

On January 12, 2006, the Supreme Court of Virginia denied Thomas's second state habeas petition, holding that Thomas's

4

ineffective-assistance-of-counsel claims were procedurally defaulted because he had knowledge of them but did not raise them in his first state habeas petition. Record No. 051783. The court also rejected Thomas's claim that he was denied counsel for his habeas appeal on the merits, holding there is no constitutional right to counsel for habeas relief. On January 23, 2006, Thomas filed an undated hand-written notice of request for appeal for this decision.

On January 23, 2006, a three-judge panel of the Court of Appeals denied Thomas's petition for appeal, "[f]or the reasons previously stated in the order entered by th[e] [c]ourt on November 16, 2005." Record No. 0910-05-2. On February 21, 2006, with the assistance of Parsons as counsel, Thomas filed a petition for appeal with the Supreme Court of Virginia ("direct appeal") on the sole claim that the evidence was insufficient to support the verdict. That appeal was still pending when Thomas filed the instant petition, but it appears to the Court that the petition was refused by the Supreme Court of Virginia on June 29, 2006.[6] On October 10, 2006, Thomas filed a petition for appeal of the denial of his state habeas petition; that petition remains pending.[7]

On January 30, 2006, while in custody at Pamunkey Regional

---

[6]According to the online information service of the Supreme Court of Virginia (http://208.210.219.132/scolar/select.jsp).

[7]See supra note 6.

Jail, Hanover, Virginia,[8] Thomas filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[9]  On March 3, 2006, the Court received additional supporting documents from Thomas that were filed subject to defect.  On March 24, 2006, Respondent filed his Motion to Dismiss and Rule 5 Answer accompanied by a supporting brief ("Respondent's Brief") and a Notice of Motion Pursuant to Local Rule 7(J).[10]  On March 31, 2006,

---

[8]Thomas has since been moved to the custody of the Virginia Department of Corrections, and he is presently confined at the Mecklenburg Correctional Center.

[9]Thomas appears to have originally executed a federal petition for habeas corpus on January 27, 2006, but he indicated the petition would not be put in the prison mailing system until January 30, 2006.  The petition was received by the United States District Court for the Eastern District of Virginia, Richmond, on February 1, 2006, and was conditionally filed with this Court on February 7, 2006.  The petition was accompanied by a request to proceed in forma pauperis and a supporting affidavit. On February 10, 2006, the Court requested a copy of Thomas's inmate account report.  This report was received on February 22, 2006.  On February 24, 2006, the Court entered an Order granting Thomas's request to proceed in forma pauperis, and properly filing Thomas's petition.
    The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004.  As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions.  Accordingly, the Court recognizes the prison mailbox rule for federal habeas petitions.  In this case, as there is no evidence in the record to the contrary, the Court will assume that Thomas delivered his federal habeas petition for mailing on the date indicated on the petition, January 30, 2006.  Further, the Court considers Thomas's petition as filed, for statute of limitations purposes, on that date.

[10]The Court notes that Respondent's Notice of Motion erroneously referred to the Local Rule 7(J), instead of Local Civil Rule 7(K), but the Notice complied with the requirements of

Thomas filed his response to Respondent's Motion to Dismiss ("Thomas's Response").[11]

## B. <u>Grounds Alleged</u>

Thomas now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254. Specifically, Thomas claims:

> (a) Ineffective assistance of counsel on appeal, by Parsons, involving refusal to file motions, refusal to argue court error for the trial court's failure to remove Geary as counsel, and refusal to raise the issue of the faulty indictment on appeal;

> (b) Appellate court error and denial of due process due to the three-judge panel's failure to consider Thomas's second claim that the indictment was defective;[12]

> (c) Denial of due process by Henrico County Jail and Henrico Circuit Court regarding the appeal of Thomas's first state habeas petition; and

> (d) Denial of counsel for habeas proceedings (Second Habeas Claim C).

## II. <u>ANALYSIS</u>

### A. Exhaustion Requirement

Ordinarily, a state prisoner must exhaust remedies available in state court before seeking federal habeas corpus relief. 28

----

<u>Roseboro v. Garrison</u>, 582 F.2d 309 (4th Cir. 1975). This included advising Thomas that he had twenty (20) days to file a response to the Motion to Dismiss.

[11]The Court received this document on April 5, 2006.

[12]As stated, <u>supra</u>, Thomas attempted to amend the demand for a three-judge panel with a <u>pro se</u> filing. This filing was returned to Thomas's counsel, Parsons, and was not considered by the court.

U.S.C. § 2254(b) and (c); <u>Picard v. Conner</u>, 404 U.S. 270, 275 (1971). As such, this Court cannot grant habeas relief unless the petitioner has exhausted the remedies available to him in the courts of Virginia. <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999). "Section § 2254(c) requires only that state prisoners give state courts a <u>fair</u> opportunity to act on their claims." <u>Id.</u> at 844. (emphasis in original). A petitioner has to present the substance of each claim during state proceedings. <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997). A petitioner also "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." <u>O'Sullivan</u>, 526 U.S. at 845. If a claim has been addressed by the state's highest court on either direct or collateral review, it is exhausted. <u>Id.</u> at 844 (citing <u>Brown v. Allen</u>, 344 U.S. 443, 447 (1953). The Court notes that it is Thomas's burden to prove that his claims have been exhausted. <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997). If his claims could not be exhausted in state court because they were procedurally barred in state court pursuant to an adequate and independent state procedural rule, the claims are procedurally defaulted in federal court and federal habeas review is ordinarily barred. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).

Thomas's petition contains both exhausted and unexhausted claims. Claim (d) concerning denial of counsel for state habeas

proceedings was presented to the Supreme Court of Virginia and was denied on the merits, and thus is exhausted under O'Sullivan. Also, Claim (c) is both procedurally defaulted and exhausted. Because Thomas had knowledge of the facts of this claim at the time he filed his second state habeas petition, Thomas could have raised this claim in that petition, but did not do so. Because he did not do so, this claim would now be barred from review by the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(B)(2). Because this rule has been held to be an "adequate and independent state ground" barring federal habeas review of the dismissed claims, Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997), claim (c) is exhausted due to procedural default. Coleman, 501 U.S. at 750.

The Court next considers claims (a) and (b), concerning ineffective assistance of counsel and appellate court error. Thomas asserts these claims were exhausted by his second state habeas petition. Thomas's Response, at 4-5. However, that petition only raised ineffective-assistance-of-counsel claims relating to representation by Geary and Bruns, and a claim of court error by the trial court. Further, because these claims relate to counsel's performance in the filing of Thomas's direct appeal, and to the decision of the three-judge panel, which was entered on January 26, 2006, Thomas could not have had knowledge of the requisite facts for these claims when he filed his second state habeas petition on August 24, 2005. Because Thomas is not

9

procedurally barred from raising these claims in the state court,
Va. Code Ann. § 8.01-654(B)(2), and has not yet done so, these
claims are unexhausted.  As a result, Thomas has filed a "mixed"
petition.

### B. Mixed Petitions

In Rhines v. Weber, 544 U.S. 269 (2005), the United State
Supreme Court addressed how "mixed" petitions should be handled by
district courts.  Rhines noted the "interplay" between the one-year
statute of limitations in the Antiterrorism and Effective Death
Penalty Act (AEDPA), codified at 28 U.S.C. § 2244(d)(1), and the
requirement in Rose v. Lundy, 455 U.S. 509 (1982), to dismiss the
entire petition without prejudice in order to effectuate the
requirement of "total exhaustion."  Rhines, 544 U.S. at 274-75.  In
such cases, petitioners who come to federal court with a "mixed"
petition "run the risk of forever losing their opportunity for any
federal review [of their claims]" if the district court dismisses
the case without prejudice close to or after the limitations period
has expired.  Id.

Rhines also noted that some district courts have adopted a
"stay and abeyance" procedure to deal with this problem: the court
stays the petition and holds it in abeyance while the petitioner
returns to state court with his unexhausted claims.  Id. at 275-76.
Rhines recognized, however, that this procedure frustrated AEDPA's
twin purposes: encouraging finality of state court judgments and

streamlining federal habeas proceedings by encouraging petitioners
to exhaust all their claims in state court before filing a federal
petition.  Id. at 276-77.

For these reasons, Rhines ruled that stay and abeyance should
be available only in limited circumstances and only within
reasonable time limits established by the district court.  Id. at
277.  Stay and abeyance is only appropriate when: (1) "there was
good cause for the petitioner's failure to exhaust his claims first
in state court;" (2) the claim is not "plainly meritless;" and (3)
"there is no indication that the petitioner engaged in
intentionally dilatory litigation tactics."  Id. at 277-78.

In the instant case, the appropriate action is dismissal of
Thomas's entire petition without prejudice to his right to file
again after he has had the opportunity to fully exhaust claims (a)
and (b) in state court on collateral review.  Assuming he does so,
Thomas will have more than adequate time within which to re-file
his federal petition, thus such a dismissal will not "unreasonably
impair the petitioner's right to obtain federal relief."  See id.
Thomas generally would have one (1) year from the date on which his
conviction became final to file his petition for federal habeas
corpus relief.  Thomas's conviction became final on September 27,
2006, which was ninety (90) days after the June 29, 2006 refusal of
his direct appeal by the Supreme Court of Virginia and the date
upon which the period for seeking direct review of his conviction

11

by the United States Supreme Court expired.  <u>See</u> U.S. Sup. Ct. R.
13(1); <u>Harris v. Hutchinson</u>, 209 F.3d 325, 328 n.1 (4th Cir. 2000).
Thus, without considering any tolling provisions, the one-year
limitation period under the AEDPA would have begun to run on
September 26, 2006,[13] and Thomas would appear to have until
September 27, 2007 to re-file the instant federal petition.  Also,
it appears that Thomas would be entitled to a tolling of the
limitations period while his petition for appeal of the denial of
his second state habeas petition remains pending.[14]

### III. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends that Thomas's
petition for writ of habeas corpus be DENIED, Respondent's motion
to dismiss be GRANTED, and all of Thomas's claims be DISMISSED

---

[13]The statute of limitations for actions under 28 U.S.C. § 2254
is provided in 28 U.S.C. § 2244(d)(1)(A):

> A 1-year period of limitation shall apply to
> an application for a writ of habeas corpus by
> a person in custody pursuant to the judgment
> of a State court.  The limitation period shall
> run from . . . the date on which the judgment
> became final by the conclusion of direct
> review or the expiration of the time for
> seeking such review . . . .

Thus, generally under 28 U.S.C. § 2244(d)(1), Thomas has one (1)
year from the date on which his conviction became final to file a
petition for federal habeas corpus.  <u>See</u> U.S. Sup. Ct. R. 13(1);
<u>Harris v. Hutchinson</u>, 209 F.3d 325, 328 n.1 (4th Cir. 2000).

[14]The Court also notes that a stay and abeyance would be
inappropriate under these circumstances because Thomas has not
provided good cause for failing to exhaust his claims in state
court.  <u>Rhines</u>, 544 U.S. at 277-78.

WITHOUT PREJUDICE.

Thomas has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the petitioner is notified that:

1.  Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof.  See Fed. R. Civ. P. 72(b).

2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this

13

Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

Entered on December 27, 2006

_____/s/_____
F. Bradford Stillman
United States Magistrate Judge

14

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed

this date to the following:

Antoine L. Thomas, #356784
Mecklenburg Correctional Center
P.O. Box 500
Boydton, Virginia 23917-0500
PRO SE


Virginia B. Theisen, Esq.
Senior Assistant Attorney General
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219


Fernando Galindo,
Acting Clerk of Court


By: _____
Deputy Clerk

December   , 2006